

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-1999

# Holt Cargo Sys Inc v. DE River Port Auth

Precedential or Non-Precedential:

Docket 98-1047,98-1262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

## Recommended Citation

"Holt Cargo Sys Inc v. DE River Port Auth" (1999). *1999 Decisions.* Paper 12.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/12

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 20, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 98-1047 and 98-1262

HOLT CARGO SYSTEMS, INC.; ASTRO HOLDINGS, INC.;
HOLT HAULING AND WAREHOUSING SYSTEM, INC.,
        Appellants

v.

DELAWARE RIVER PORT AUTHORITY; PORTS OF
PHILADELPHIA AND CAMDEN; PHILADELPHIA REGIONAL
PORT AUTHORITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 94-cv-07778)
District Judge: Honorable Norma L. Shapiro

Argued October 30, 1998

BEFORE: SLOVITER, GARTH, and MAGILL,* Circuit
Judges

(Filed: January 20, 1999)

_____

* Hon. Frank J. Magill, Senior United States Circuit Judge for the
Eighth Circuit, sitting by designation.

Larry R. Wood, Jr.
Pepper, Hamilton & Scheetz
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799

Paul R. Rosen (Argued)
Bruce S. Marks
Spector, Gadon & Rosen, P.C.
1635 Market Street
Seven Penn Center - 7th Floor
Philadelphia, PA 19103

  Attorneys for Appellants in
  Appeal No. 98-1047

John M. Elliott
Henry F. Siedzikowski (Argued)
Timothy T. Myers
Eric J. Bronstein
Elliott Reihner Siedzikowski & Egan,
 P.C.
925 Harvest Drive
Union Meeting Corporate Center V
Blue Bell, PA 19422

  Attorneys for Appellee,
  Delaware River Port Authority
  in Appeal No. 98-1047

Richard A. Sprague
Geoffrey C. Jarvis
Charles J. Hardy
Deborah B. Miller
Sprague & Sprague
135 South 19th Street
Suite 400 Wellington Building
Philadelphia, PA 10103

  Attorneys for Appellee,
  The Port of Philadelphia and
  Camden, Inc. In No. 98-1047

Paul R. Rosen (Argued)
Jeffrey M. Goldstein
Brooke C. Madonna
Jonathan M. Peterson
Spector, Gadon & Rosen, P.C.
1635 Market Street
Seven Penn Center – 7th Floor
Philadelphia, PA 19103

  Attorneys for Appellants in
  Appeal No. 98-1262

John M. Elliott
Henry F. Siedzikowski (Argued)
Timothy T. Myers
Eric J. Bronstein
Elliott Reihner Siedzikowski & Egan,
 P.C.
925 Harvest Drive
Union Meeting Corporate Center V
Blue Bell, PA 19422

  Attorneys for Appellee,
  Delaware River Port Authority
  in Appeal No. 98-1262

Richard A. Sprague
Geoffrey C. Jarvis
Charles J. Hardy
Tracy M. Schaeffer
Sprague & Sprague
135 South 19th Street
Suite 400 Wellington Building
Philadelphia, PA 10103

  Attorneys for Appellee,
  The Port of Philadelphia
  and Camden,Inc.
  In Appeal No. 98-1262

Francis X. Crowley
Blank, Rome, Comisky & McCauley
Rose Tree Corporate Center

1400 North Providence Road
P.O. Box 1210, Suite 301
Media, PA 19063

Patrick J. O'Connor
Karl L. Prior
Cozen & O'Connor
The Atrium
1900 Market Street
Philadelphia, PA 19103

  Attorneys for Appellee,
  Philadelphia Regional
  Port Authority
  In Appeal No. 98-1262

OPINION OF THE COURT

GARTH, Circuit Judge:

Plaintiffs Holt Cargo Systems, Inc. ("Holt Cargo"), Astro Holdings, Inc. ("Astro"), and Holt Hauling & Warehousing System, Inc. ("Holt Hauling") (collectively "Holt"), brought this action in the Eastern District of Pennsylvania against the Delaware River Port Authority ("DRPA"), the Port of Philadelphia and Camden, Inc. ("PPC"), and the Philadelphia Regional Port Authority ("PRPA") (collectively, "Port Authorities"). Holt charged the Port Authorities with conspiring to drive Holt out of business, and alleged that the Port Authorities' actions denied Holt of substantive Due Process and Equal Protection of the laws. Holt operates various marine terminals in the Port of Philadelphia and Camden, including the Packer Avenue Marine Terminal.

Holt's case was built around alleged "predatory acts" taken by the Port Authorities, some of which are related to Holt's lease of the Packer Avenue Marine Terminal ("Packer Terminal") from PRPA in 1990 ("Amended Packer Lease"). Other acts alleged involved the Port Authorities' unrelated efforts to prevent Holt from keeping current or obtaining new business. Among other things, the Amended Packer Lease gave Holt the right to develop other parcels of land at

4

Piers 96 South, 98 South, and 100 South subject to PRPA's existing leases with third parties, and Holt alleges that it was wrongly denied the right to develop those parcels. Holt alleges that its inability to develop the parcels caused its overall development plan for its terminal, which was to include a dedicated passenger terminal, to be thwarted.

Holt further alleges that various other non-defendant entities and individuals conspired with the Port Authorities, including the South Jersey Port Corporation ("SJPC"), Pasha Auto Warehousing ("Pasha"), a lessee of"Pier 96 South," and the "executive directors" of PRPA, PPC, DRPA, and SJPC.1

After the parties had exchanged thousands of pages of documents over several years of discovery, the District Court entered summary judgment on behalf of the defendant Port Authorities on the only claims left before the District Court -- alleged constitutional denials of substantive Due Process and Equal Protection. Holt Cargo Sys., Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803 (E.D. Pa. 1998). The District Court previously had dismissed Holt's Admiralty Act claims, Shipping Act claims, antitrust claims, contract claims, and PPC's counterclaim against Holt for violations of the Amended Packer Lease. Holt refiled similar claims with the Federal Maritime Commission ("FMC") under these non-constitutional theories, and the FMC action is currently pending. Holt Cargo Systems, Inc. v. DRPA, Federal Maritime Commission, No. 96-13. The District Court also previously granted PPC's motion to dismiss Holt's claim for violation of procedural Due Process, see 1997 WL 714843, and Holt has not appealed that ruling.

In the instant case, Holt appeals from the District Court's final order of March 23, 1998, which granted summary judgment on Holt's Equal Protection and Substantive Due

_____

1. In 1992, after years of competition, Pennsylvania and New Jersey entered an interstate compact, signed into law by Congress and the President under the Interstate Compact Clause, U.S. Const. art. I, S 10, cl. 3 ("Amended Compact"). The Amended Compact created DRPA, and SJPC and PRPA would eventually cease to exist in favor of DRPA. PPC is a subsidiary of DRPA.

Process claims in favor of the Port Authorities. Holt filed a timely notice of appeal. The district court had subject matter jurisdiction pursuant to 28 U.S.C. SS 1331, 1343; this Court exercises jurisdiction pursuant to 28 U.S.C. S 1291.

Voluminous briefs and a comprehensive appendix were filed with us on appeal. We then had an extensive oral argument at which counsel were heard. We are persuaded that the injuries alleged to have been suffered by Holt do not stem from a constitutional violation. We will therefore affirm the judgment of the appeal in No. 98-1262 for substantially the reasons stated in the thorough opinion of the District Court. Holt Cargo Sys., Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803 (E.D. Pa. 1998).

We will also dismiss the appeal in 98-1047, but our dismissal will be without prejudice to the parties raising this issue before the FMC if they so desire. The subject of Holt's appeal in 98-1047 involved Holt's allegation that a particular memorandum, known as the "Curran Memo," was privileged from disclosure. The record does not disclose that the District Court had the unredacted Curran Memo before it. In affirming the District Court's summary judgment, we are of the view that the issue of the Curran Memo privilege raised in 98-1047 has become moot.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit